UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**ANDREA KNOTT**                           **CASE NO. 6:20-CV-01056**

**VERSUS**                                  **JUDGE JAMES D. CAIN, JR.**

**LOWE'S HOME CENTERS LLC**                **MAGISTRATE JUDGE CAROL B. WHITEHURST**

### MEMORANDUM RULING

Before the Court is Plaintiff's Motion for Sanctions for Spoliation of Evidence. (Rec. Doc. 19). Defendant, Lowe's Home Centers, LLC, opposed the Motion (Rec. Doc. 25). Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, Plaintiff's Motion is denied.

### Factual Background

Plaintiff filed this suit against Lowe's following an alleged trip and fall accident in July 2019. (Rec. Doc. 1-1). Plaintiff alleged that, because the pedestrian walkways to the Lowe's entrance were blocked by bundles of wood, she attempted to traverse an elevated curb to the entrance. She allegedly "tripped on clumps of uneven, dried cement on the elevated curb." (Rec. Doc. 1-1, ¶6). Plaintiff or her husband took photographs of the curb and dried concrete on the date of the incident. (Rec. Doc. 19-1, citing photograph at 19-1, p. 1).

On December 12, 2019, Plaintiff's counsel sent litigation-hold letters to Lowe's representatives, including a risk manager and the store manager at the location where Plaintiff fell. The letter requested that Lowe's "preserve and retain any things, documents, information or data that is or may be relevant to" the plaintiff or potential litigation. (Rec. Doc. 19-5, p. 1). The letter specifically requested "preservation of the uneven concrete surface where the trip and fall occurred," and instructed that "[a]ny decision to destroy…or otherwise modify any such information or things must be presented to [Plaintiff's counsel's firm] by certified mail at least 21 days prior to taking such action." (Rec. Doc. 19-5, p. 2).

At some time prior to Plaintiff's November 18, 2020 deposition, Defendant's counsel took photographs and measurements of the curb and concrete. (Rec. Doc. 19-2, p. 7-8; Rec. Doc. 25-5, p. 22-27). Plaintiff submits that, during a phone conference on February 8, 2021 to schedule an inspection of the incident area, Lowe's counsel advised that the curb had been repaired and the concrete clumps removed. (Rec. Doc. 19-1, p. 4). Plaintiff now seeks a ruling that Lowe's spoliated the evidence. Lowe's maintains that the Court should not apply an adverse inference, because Plaintiff took photographs on the date of the incident and she is in possession of photographs and measurements taken by Lowe's counsel.

## Law and Analysis

The Fifth Circuit recently succinctly summarized the law applicable to spoliation of evidence as follows:

> Allegations of spoliation, including the destruction of evidence in pending or reasonably foreseeable litigation, are addressed in federal courts through the inherent power to regulate the litigation process, if the conduct occurs before a case is filed or if, for another reason, there is no statute or rule that adequately addresses the conduct. When evaluating allegations regarding spoliation of evidence, federal courts sitting in diversity are to apply federal evidentiary rules rather than state spoliation laws. A plaintiff alleging spoliation must establish that the defendant *intentionally* destroyed the evidence for the purpose of depriving opposing parties of its use. It is insufficient to show that a party acted negligently, rather than intentionally, in spoliating the evidence.
>
> A spoliation claim has three elements: (1) the spoliating party must have controlled the evidence and been under an obligation to preserve it at the time of destruction; (2) the evidence must have been intentionally destroyed; and (3) the moving party must show that the spoliating party acted in bad faith.
>
> A party seeking the sanction of an adverse-inference instruction based on spoliation of evidence must establish that: (1) the party with control over the evidence had an obligation to preserve it at the time it was destroyed; (2) the evidence was destroyed with a culpable state of mind; and (3) the destroyed evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.

*Coastal Bridge Co., L.L.C. v. Heatec, Inc.,* 833 F. App'x 565, 573–74 (5th Cir. 2020) (cleaned up).

Under the foregoing analysis, the Court must first determine whether the defendant was obligated to preserve evidence. Plaintiff's counsel's litigation-hold

letter imposed a duty upon Lowe's to preserve the curb and concrete. (Rec. Doc. 19-5). See e.g. *Doe v. Northside I.S.D.,* 884 F. Supp. 2d 485, 496 (W.D. Tex. 2012); *Repass v. Rosewood Hotels & Resorts, L.L.C.,* 184 F. Supp. 3d 401, 406 (N.D. Tex. 2015).

Second, the Court must determine whether Lowe's acted with a culpable state of mind. The Fifth Circuit provided the following guidance for the court's determination of culpability:

> The potential levels of culpability range from no culpability to bad faith, with intervening levels including negligence, gross negligence, and willfulness. Negligence is not enough to support the imposition of sanctions for spoliation, "for it does not sustain an inference of consciousness of a weak case." … Accordingly, a party seeking sanctions is not entitled to an adverse inference instruction unless that party can show that its adversary intentionally and in bad faith disposed of the evidence…Bad faith requires destruction for the purpose of depriving the adversary of the evidence.

*Coastal Bridge*, 833 Fed.Appx. at 574. (cleaned up)

See also *Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015) ("Bad faith, in the context of spoliation, generally means destruction for the purpose of hiding adverse evidence.") Courts have declined to find the defendant acted with a culpable state of mind when the destruction of evidence could be explained by negligence, incompetence, or reasons other than to deprive the plaintiff of its use. See e.g. *Consol. Aluminum Corp. v. Alcoa, Inc.,* 244 F.R.D. 335, 346 (M.D. La. 2006) (failure to timely inform employees of a duty to preserve emails did not constitute

4

bad faith); *Thomas v. Tangipahoa Par. Sch. Bd.,* No. CV 14-2814, 2016 WL 3542286, at *3 (E.D. La. June 29, 2016) (no spoliation where employees negligently or incompetently lost a file); *Rogers v. Averitt Express, Inc.,* 215 F. Supp. 3d 510, 520 (M.D. La. 2017) (no spoliation where the plaintiff had back surgery without giving the defendant the opportunity to conduct an independent medical exam, despite the defendant's specific letter to the plaintiff requesting an exam before undergoing surgery).

Conversely, "the giving of an adverse inference instruction has been upheld where the facts of the case are extreme, such as where the destroyed evidence was the very automobile that was the subject of the products liability action." *Consol. Aluminum Corp.*, citing *Concord Boat Corp. v. Brunswick Corp.,* 1997 WL 33352759 (E.D.Ark.1997), citing *Dillon v. Nissan Motor Co.,* 986 F.2d 263 (8th Cir.1993), and further noting other cases "where the destroying party has selectively retained relevant evidence and has used retained evidence in prior disputes to its advantage." See also *Ashton v. Knight Transp., Inc.,* 772 F. Supp. 2d 772, 795 (N.D. Tex. 2011) (Significant circumstantial evidence supported that evidence of truck and tires involved in an accident was intentionally destroyed).

Plaintiff urges the Court to impute bad faith to Lowe's because it was in possession of a litigation-hold letter and then allowed its counsel to photograph and measure the area before its destruction. The Court finds that this evidence is

insufficient to establish a "culpable state of mind" to prove spoliation. There is no evidence that Lowe's fixed the curb or removed the concrete for the purpose of depriving Plaintiff of the opportunity to inspect and measure. Lowe's submits that the curb was fixed "to protect its customers and prevent any potential future trip and falls in the area." (Rec. Doc. 25, p. 2). Though Lowe's should have reached out to Plaintiff's counsel prior to repairing the curb, this reality does not support the harsh sanction of an adverse inference, especially where Plaintiff had more than a year to inspect the area and she is in possession of other evidence of the area's condition, such as the photographs. Rather, Lowe's conduct amounts to no more than negligence, which is insufficient.

The third factor is relevance. This factor is generally considered pursuant to the following subparts:

> (1) whether the evidence is relevant to the lawsuit; (2) whether the evidence would have supported the inference sought; and (3) whether the non-destroying party has suffered prejudice from the destruction of the evidence. The party seeking the sanction of an adverse inference "must adduce sufficient evidence from which a reasonable trier of fact could infer that the 'destroyed or [unavailable] evidence would have been of the nature alleged by the party affected by its destruction.' " *Residential Funding Corp. v. Degeorge Financial Corp.,* 306 F.3d 99 (2nd Cir.2002).

*Consol. Aluminum Corp.,* 244 F.R.D. at 346.

The Court finds that the curb and the concrete clumps as they existed at the time of incident are relevant to the lawsuit. Although the curb and concrete could

conceivably support the inference Plaintiff seeks (that a defective condition existed and caused her fall), the Court finds that Plaintiff has not shown sufficient prejudice by Lowe's repair of the curb and removal of the concrete. The Court acknowledges that Plaintiff would rather have had the opportunity to take her own measurements (something she may not have known to do until after retaining counsel); however, all things considered, the Court does not find that her inability to take her own measurements amounts to prejudice significant enough to warrant a finding of spoliation. Indeed, Plaintiff took photographs on the date of the accident and is in possession of photographs and measurements taken after the accident. Further, it appears that Lowe's did not fix the curb for at least one year after the accident, during which time Plaintiff could have conducted her own inspection and taken her own measurements. Thus, the Court finds that the relevance and prejudice factor does not weigh in favor of spoliation.

## **Conclusion**

For the reasons discussed herein, Plaintiff's Motion for Sanctions for Spoliation of Evidence (Rec. Doc. 19) is denied.

THUS DONE in Chambers, Lafayette, Louisiana on this 10th day of May, 2021.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE