UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **ANDREA KNOTT** | **CASE NO. 6:20-CV-01056** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **LOWE'S HOME CENTERS L L C** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM RULING

Before the Court is "Lowe's Home Center, L.L.C.'s ("Lowe's") Motion for Summary Judgment", who moves to dismiss the instant lawsuit. Lowe's maintains that as a matter of law, merchants are not liable for every unforeseen accident, and Plaintiff cannot show that the complained-of condition constituted an unreasonable risk of harm. Consequently, Lowe's posits that because Plaintiff cannot establish one of the necessary elements of the burden of proof set forth in the Louisiana Merchant Liability Statute, Lowe's is entitled to judgment as a matter of law.

## FACTUAL STATEMENT

On July 10, 2019, Plaintiff Andrea Knott was entering the Lowe's store when she allegedly tripped on clumps of uneven, dried cement located on top of an elevated curb outside of the store.[1] Lowe's had placed bundles of wood covering the walkway by the entryway to the store. The clumps of uneven dried cement at issue encompassed an area that was approximately three feet wide by three feet long.[2] There were no warnings or

---

[1] Defendant's exhibit 1, Petition for Damages, Doc. 1., Defendant's exhibit 2, Andrea Knott Depo. P. 17:7-8, 24:1-6.
[2] Id. p. 26:2-6.

signs directing customers to enter the store at a different entryway.[3] The clumps of concrete on the elevated curb were present for an extended period of time because they were fully dried and hardened.[4]

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

---

[3] Plaintiff's exhibit B-1.
[4] Plaintiff's exhibit B-2.

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *E.g.*, *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). In Louisiana, claims against merchants based on falls on the premises are governed by the Louisiana Merchant Liability Act ("LMLA"), Louisiana Revised Statute § 9:2800.6. To prevail, a plaintiff must prove the following (in addition to all other elements of his claim): (1) a condition on the premises presented an unreasonable risk of harm; (2) this harm was reasonably foreseeable; (3) the merchant either created or had actual or constructive notice of the condition; and (4) the merchant failed to exercise reasonable care. Louisiana Revised Statute § 9:2800.6(B); *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081, 1084 (La. 1997).

Lowe's argues that the instant suit must be dismissed because Plaintiff cannot satisfy the third element of the LMLA. "To survive a motion for summary judgment, a plaintiff must submit 'positive evidence' that a merchant created or had actual or constructive notice of the conditions that allegedly caused a plaintiff's damages." *Perez v.*

*Winn-Dixie Montgomery, LLC*, 2019 WL 1367526, at *2 (E.D. La. Mar. 26, 2019) (quoting *Duncan v. Wal-Mart La., LLC*, 863 F.3d 406, 410 (5th Cir. 2017)). To show "constructive notice" under the LMLA, the plaintiff must prove "that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." La. Rev. Stat. § 9:2800.6(C)(1). An employee's presence near the condition "does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition." *Id.* Accordingly, plaintiff bears "an onerous burden" in satisfying this element of his claim. *Scott v. Dillard's, Inc.*, 169 So.3d 468, 472 (La. Ct. App. 5th Cir. 2015).

Lowe's argues that the height variance of the uneven dried clumps of cement that Knott allegedly tripped on was approximately half of an inch, therefore, under Louisiana law, the variance clearly did not present an unreasonable risk of harm. Lowe's relies on *Boyle v. Bd. Of Sup'rs v. Louisiana State University*, 685 So.2d 1080, 1083 (La. 1/14/97), wherein the Supreme Court held that irregularities in paved surfaces comparable to the "uneven clumps of dried cement" at-issue are not uncommon and the custodian of a parking lot is not required to eliminate all variations in elevations existing along the curbs because such a requirement would be impossible to meet.  The Supreme Court of Louisiana has held that there is not a fixed rule for determining whether a defect such as the one at issue here is unreasonably dangerous. *Boyd,* 685 So.2d at 1082 (citing  *White v. City of Alexandria,* 216 La. 308, 43 So.2d 618 (1949)). Lowe's posits that it can only be held liable if the "uneven clumps of dried cement" that plaintiff allegedly tripped over presented an unreasonable risk of harm to someone exercising reasonable care under the circumstances.

Plaintiff asserts that the photographs taken by Lowe's counsel do little to prove the height of the clumps, and the height of the clumps was more than alleged by Lowe's. Plaintiff also asserts that the photographs provide some semblance of a readable measurement of height and prove that the height was significantly more than half of an inch.[5] Plaintiff argues that the photograph does not show the highest point of the clump, and that the photograph cuts off the clump as its height is increasing. Thus, Plaintiff submits that the photograph alone creates a genuine issue of fact.

Plaintiff argues that Lowe's presented the Court with insufficient evidence concerning factors that must be addressed in considering the risk/utility balancing test— i.e., evidence concerning the gravity and risk of harm, individual and societal rights and obligations, the utility of the thing involved, the cost and feasibility of repair, etc. See *Leone v. Target Corp. of Minnesota,* 2010 WL 11706724, at *1 (W.D. La. Sept. 13, 2010). Plaintiff relies on *Cooper v. Casino Cruises, Inc.,* 2010 WL 5480741 (La. App. 1 Cir. 12/22/10) which held that evidence of the half-inch height of the tripping hazard, alone, is not sufficient evidence for a court to address the remaining factors of the risk-utility balancing test necessary to determine whether the hazard constitutes an unreasonable risk of harm.

Plaintiff maintains that a determination of whether defects in the premises presents an unreasonable risk of harm is a question for the jury. *Renwick v. PNK Lake Charles, L.L.C.,* 901 F.3d 605 (5th Cir. 2018) (citing e.g. *Reed v. Wal-Mart Stores,* 708 So.2d 362,

---

[5] Defendant's exhibit B-3, Doc. 16-5, p. 7.

365 (La. 3/4/98) (fact finder "must balance the gravity and risk of harm against the individual and societal rights and obligations, the social utility, and the cost and feasibility of repair") (citations omitted)).

In *Renwick,* the Fifth Circuit analyzed the applicable standard and reversed summary judgment granted in a defective premises case as it recognized that the balancing analysis is "'a disputed issue of mixed fact and law or policy that is particularly a question for the jury.'" *Id.* At 617 (quoting *Broussard v. State ex re. Office of State Bldgs.* 113 So.3d 175, 183 (La. 4/5/13). The court stated that "the unreasonable harm determination may be subject to summary judgment in cases where the plaintiff is unable to produce factual support for his or her claim that a complained-of condition or thing is unreasonably dangerous." *Id.*

Plaintiff argues that there were several unreasonably dangerous conditions at Lowe's and that it had knowledge of each, but Lowe's failed to correct the condition, and failed to warn Plaintiff of its existence. Plaintiff maintains that Lowe's created the unreasonably dangerous conditions by allowing the clumps of concrete to form on the elevated curb, and Lowe's knew or should have known that the clumps existed and were an unreasonably dangerous condition.

Lowe's posits that multiple Louisiana Courts have granted summary judgment in premises liability suits where the plaintiff tripped over a minor height variance. *Dowdy v. City of Monroe,* 78 So.3d 791 (La.App. 2 Cir. 11/2/11); *Leonard v. Parish of Jefferson*, 902 So.2d 502 (La.App. 5th Cir. 4/26/05); *Llorence v. Broadmoor Shopping Center, Inc.*

76 So.3d 134 (La.App. 3d Cir. 10/5/11); *Reitzell v. Pecanland Mall Associates, Ltd.*, 852 So.2d 1229 (La. App. 2d Cir. 8/20/03).

Lowe's argues that it is undisputed that the photographs, deposition testimony of Plaintiff and an affidavit of a Lowe's employee, all confirm that height of the cement clumps was between one-half and one inch in height.

Plaintiff maintains that it is undisputed that Plaintiff tripped or fell on the concrete clumps which Lowes created or had actual or constructive knowledge of the defective surface of the elevated curb. Plaintiff further maintains that it is undisputed that Lowes obstructed the pedestrian walkways at the entrance of its store and directed the path the Plaintiff had to traverse. In addition, Lowe's provided no warning about the defective surface of the elevated curb—the cement clumps which caused Plaintiff to fall.

The Court has reviewed the summary judgment evidence submitted by both parties and finds that Plaintiff has submitted sufficient evidence[6] to create a genuine issue of material fact for trial.

## **CONCLUSION**

For the reasons set forth above, the Motion for Summary Judgment will be denied.

**THUS DONE AND SIGNED** in Chambers on this 19th day of May, 2021.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**

---

[6] See particularly, but not exclusively, Doc. 18-3.